In re:                                                                  Case No. 20-00489-HWV
Luis A. Garcia                                                          Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: AutoDocke     Page 1 of 2     Date Rcvd: Apr 20, 2020
                      Form ID: pdf002     Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 22, 2020.

```
db              +Luis A. Garcia,    3403 Ridgeway Road,    Harrisburg, PA 17109-1123
5299822         +Commonwealth of Pennsylvania,    Bureau of Labor and Industry,
                  Office of Unemp Comp Tax Services OUCTS,    PO Box 60848,   Harrisburg, PA 17106-0848
5299824         +First Premier Bank,    601 S Minnesota Avenue,    Sioux Falls, SD 57104-4868
5299825         +Flaherty Fardo, LLC,    Attn: Stephanie Fera,    812 Ivy Street - Shadyside,
                  Pittsburgh, PA 15232-2406
5299826        #+Forwardline Financial, LLC,    21700 Oxnard St. Suite 1450,    Woodland Hills, CA 91367-7581
5299828         +JP Harris Associates LLC,    PO Box 226,    Mechanicsburg, PA 17055-0226
5299830         +KML Law Group,    Attn: Alyk Oflazian,    701 Market Street, Suite 5000,
                  Philadelphia, PA 19106-1541
5299829         +Kay Jewelers/Genesis,    15220 NW Greenbrier,    Suite 200,    Beaverton, OR 97006-5762
5299831         +Lakeview Loan Servicing, LLC,    4425 Ponce DeLeon Blvd,    Mail Stop Ms5/251,
                  Coral Gables, FL 33146-1873
5299833         +PA Department of Revenue,    Bureau of Compliance,    Lien Section,    PO Box 280948,
                  Harrisburg, PA 17128-0948
5320576         +PPL,   827 Hausman Rd,    Allentown, PA 18104-9392
5299834         +Penn Waste,    PO Box 3066,    York, PA 17402-0066
5299836         +Susquehanna Township Authority,    1900 Linglestown Road,    Harrisburg, PA 17110-3301
5299837         +York Waste Disposal,    3730 Sandhurst Drive,    York, PA 17406-7935
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
5311512          E-mail/Text: ally@ebn.phinsolutions.com Apr 20 2020 19:18:00      Ally Bank,    PO Box 130424,
                  Roseville MN 55113-0004
5321417          E-mail/PDF: resurgentbknotifications@resurgent.com Apr 20 2020 19:26:27
                  CVI SGP-CO Acquisition Trust,    c/o Resurgent Capital Services,    PO Box 10587,
                  Greenville, SC 29603-0587
5299821          E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 20 2020 19:27:00      Capital One,
                  P.O. Box 30285,    Salt Lake City, Utah 84130-0285
5311080          E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 20 2020 19:26:43
                  Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
                  Charlotte, NC  28272-1083
5299823         +E-mail/PDF: creditonebknotifications@resurgent.com Apr 20 2020 19:26:26      Credit One Bank,
                  PO Box 98875,    Las Vegas, NV 89193-8875
5299827          E-mail/Text: sbse.cio.bnc.mail@irs.gov Apr 20 2020 19:18:05      Internal Revenue Service,
                  PO Box 21126,    Philadelphia, PA  19114
5315626          E-mail/PDF: resurgentbknotifications@resurgent.com Apr 20 2020 19:26:46      LVNV Funding, LLC,
                  Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
5299832          E-mail/Text: camanagement@mtb.com Apr 20 2020 19:18:08      M&T Bank,    PO Box 900,
                  Millsboro, DE 19966
5299835          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 20 2020 19:18:11
                  Pennsylvania Department of Revenue,    Dept. 280946,    ATTN: Bankruptcy Division,
                  Harrisburg, PA  17128-0946
5317773         +E-mail/Text: JCAP_BNC_Notices@jcap.com Apr 20 2020 19:18:18      Premier Bankcard, Llc,
                  Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
5321160          E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Apr 20 2020 19:26:47      Verizon,
                  by American InfoSource as agent,    PO Box 4457,    Houston, TX  77210-4457
                                                                                               TOTAL: 11
```

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 22, 2020                                Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 20, 2020 at the address(es) listed below:

```
Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
James   Warmbrodt    on behalf of Creditor    LakeView Loan Servicing, LLC bkgroup@kmllawgroup.com
Tracy Lynn Updike    on behalf of Debtor 1 Luis A. Garcia  tlupdike@mette.com,   cgfraker@mette.com
United States Trustee    ustpregion03.ha.ecf@usdoj.gov
```
                                                                                      TOTAL: 4

Rev. 12/01/19

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Luis A. Garcia

CHAPTER 13

CASE NO. 1-bk-20-0

✓ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

_3_ Number of Motions to Avoid Liens
_0_ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ✓ Included | Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | ✓ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ✓ Included | Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

      1. To date, the Debtor paid $ 0.00 _____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 32,700.00 _____, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 03/2020 | 02/2025 | $545.00 | | $545.00 | $32,700.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $32,700.00 |

      2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

      3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

      4. CHECK ONE: ( ✓ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

            ( ) Debtor is over median income. Debtor estimates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

Case 1:20-bk-00489-HWV    Doc 4    Filed 02/10/20    Entered 02/10/20 14:44:44    Desc
Main Document        Page 2 of 13
Case 1:20-bk-00489-HWV    Doc 22    Filed 04/22/20    Entered 04/23/20 00:34:40    Desc
Imaged Certificate of Notice    Page 4 of 15

B. <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>

    1. The Debtor estimates that the liquidation value of this estate is $ 0.00_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

    ✓    No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

    ___    Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

    3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

    A. <u>**Pre-Confirmation Distributions**</u>. *Check one.*

    ✓    None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

    ___    Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

Case 1:20-bk-00489-HWV    Doc 4    Filed 02/10/20    Entered 02/10/20 14:44:44    Desc
Main Document    Page 3 of 13
Case 1:20-bk-00489-HWV    Doc 22    Filed 04/22/20    Entered 04/23/20 00:34:40    Desc
Imaged Certificate of Notice    Page 5 of 15


Rev. 12/01/19

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Lakeview Loan Servicing | Residence at 3403 Ridgeway Road, Harrisburg, PA | 1725 |
|  |  |  |
|  |  |  |

4

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Lakeview Loan Servicing | Residence at 3403 Ridgeway Road, Harrisburg, PA | Per POC - est. at $15,000.00 | | Per POC - est. at $15,000.00 |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

___ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

✓ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| PA Department of Revenue | All assets | Per POC - est. at $5,500.00 | 6% | Per POC at 6% |
| Susquehanna Township Authority | Residence at 3403 Ridgeway Road, Harrisburg, PA | Per POC - est. at $933.00 | | Per POC - est. at $933.00 |
| | | | | |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✓    None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*
___   Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. **Surrender of Collateral.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

___ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

✓ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | York Waste Disposal | Forwardline Financial | Penn Waste, Inc. |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | 2009 CV 18351 Dauphin County Prothonotary | 2016 CV 4514 Dauphin County Prothonotary | 2019 CV 3753 Dauphin County Prothonotary |
| Description of the liened property | Residence at 3403 Ridgeway Road, Harrisburg, PA | Residence at 3403 Ridgeway Road, Harrisburg, PA | Residence at 3403 Ridgeway Road, Harrisburg, PA |
| Liened Asset Value | $130,500.00 | $130,500.00 | $130,500.00 |
| Sum of Senior Liens | $125,833.64 | $125,833.64 | $125,833.64 |
| Exemption Claimed | 522(d)(1) of $4,666.36 | 522(d)(1) of $4,666.36 | 522(d)(1) of $4,666.36 |
| Amount of Lien | $106.88 before discharge | $6,582.59 before discharge | $327.70 |
| Amount Avoided | $106.88 | $6,582.59 | $327.70 |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

   a. In addition to the retainer of $ 190.00 already paid by the Debtor, the amount of $ 3,810.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ___ The following administrative claims will be paid in full.

8

Case 1:20-bk-00489-HWV    Doc 4    Filed 02/10/20    Entered 02/10/20 14:44:44    Desc
Main Document    Page 8 of 13
Case 1:20-bk-00489-HWV    Doc 22    Filed 04/22/20    Entered 04/23/20 00:34:40    Desc
Imaged Certificate of Notice    Page 10 of 15

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

9

Case 1:20-bk-00489-HWV   Doc 4   Filed 02/10/20   Entered 02/10/20 14:44:44   Desc
Main Document    Page 9 of 13
Case 1:20-bk-00489-HWV   Doc 22   Filed 04/22/20   Entered 04/23/20 00:34:40   Desc
Imaged Certificate of Notice    Page 11 of 15

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

   | Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
   |---|---|---|---|---|---|---|
   |  |  |  |  |  |  |  |
   |  |  |  |  |  |  |  |
   |  |  |  |  |  |  |  |

10

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

\_\_\_ plan confirmation.
\_\_\_ entry of discharge.
_✓_ closing of case.


## 7. DISCHARGE: (Check one)

( ) The debtor will seek a discharge pursuant to § 1328(a).
(✓) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.




Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

Case 1:20-bk-00489-HWV   Doc 4   Filed 02/10/20   Entered 02/10/20 14:44:44   Desc
Main Document    Page 11 of 13
Case 1:20-bk-00489-HWV   Doc 22   Filed 04/22/20   Entered 04/23/20 00:34:40   Desc
Imaged Certificate of Notice    Page 13 of 15

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

As Debtor is not entitled to a discharge, this Plan as proposed is a 100% plan to all timely filed allowed general unsecured claims.

Any purchase money liens, to the extent that they exist as to the Debtor's property, shall be divested and avoided at discharge.

See attached Rider for additional provisions.

Dated: _2 7 20_

_____
Attorney for Debtor

_____
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12

Rider to Paragraph 9 - Other Plan Provisions

If a creditor fails to file a claim and the Debtor files a claim on behalf of the creditor, the amount of the claim shall act as a maximum allowable amount, and upon confirmation, the creditor shall be estopped from asserting that it is entitled to a greater amount and shall be estopped from attempting to collect a greater amount either during the case or after discharge.

The Debtor reserves the right to apply for a loan modification with Lakeview Loan Servicing. To the extent that he is granted such loan modification, Debtor reserves the right to amend his Plan to reflect the resulting cure of arrears under Section 2.C. of this Plan.

Property surrendered by the Debtor shall be surrendered in full satisfaction of creditors' claims.

Confirmation of the Plan shall invoke the protection of 11 U.S.C. Section 1301. The proof of claim filed by the creditor, and not objected to by the Debtor, or filed by the Debtor on behalf of the creditor, shall constitute a designation of the total amount owed to the creditor.

The Plan filed by the Debtor specifically rejects any contractual provisions which could or may impose on the Debtor the obligation to submit to binding arbitration or alternative dispute resolution.

Debtor reserves the right to object to claims post-confirmation. The reservation of this right does not impose any duty on the Trustee with regard to distribution of the plan proceeds to claims that are prima facie valid at the time of confirmation.